[Civ. No. 24030. Fourth Dist., Div. One. July 16, 1981.]

DONALD VIAL, as Director, etc., et al., Plaintiffs and Appellants, v. CITY OF SAN DIEGO et al., Defendants and Respondents.

COUNSEL

Peter H. Weiner, Patricia M. Gates and Ernest Vivas for Plaintiffs and Appellants.

McCarthy, Johnson & Miller, P.H. McCarthy, Jr., and Raphael Shannon as Amici Curiae on behalf of Plaintiffs and Appellants.

John W. Witt, City Attorney, and Ronald L. Johnson, Chief Deputy City Attorney, and Thomas F. Steinke, Deputy City Attorney, for Defendants and Respondents.

OPINION

**BROWN (Gerald), P. J.**—The State Department of Industrial Relations, its director, Donald Vial, and Labor Commissioner James L. Quillin, appeal an order denying their petition for a writ of mandate to compel the City of San Diego to comply with the state prevailing wage law (Lab. Code, § 1770 et seq.).

In June 1977, the City Council of San Diego, a chartered city, established a prevailing wage schedule for the city's public works contracts. Almost three years later, the council adopted a resolution rescinding the prevailing wage schedule and declaring payment of prevailing wages to be appropriate "only when required by Federal or State grants and on other jobs considered to be of State concern. . . ." Contending the resolution impermissibly conflicts with the state's prevailing wage law, the department sought a writ of mandate compelling the city to rescind the resolution or amend it to comply with state law. The superior court denied the petition, and the department appeals.

■ Under the California Constitution, a chartered city enjoys autonomy over its "municipal affairs" (Cal. Const. art. XI, § 5). Consequently, a chartered city's ordinances which deal with purely municipal affairs are valid even if they conflict with general laws. On the other hand, general laws on subjects of statewide concern supersede any conflicting enactments of chartered cities. Deciding whether a particular ordinance deals with municipal affairs or a subject of statewide concern is a judicial, not a legislative, function (*Bishop* v. *City of San Jose* (1969) 1 Cal.3d 56, 61-62 [81 Cal.Rptr. 465, 460 P.2d 137]). The prevailing wage law, a general law, does not apply to the public works projects of a chartered city, as long as the projects in question are within the realm of "municipal affairs" (*City of Pasadena* v. *Charleville* (1932) 215 Cal. 384, 392 [10 P.2d 745]). The expenditure of a city's funds on such projects and the rates of pay of the workers whom it hires to carry them out are municipal affairs (*City of Pasadena* v. *Charleville, supra*, 215 Cal. 384, 389). Here the rescinding resolution specifically excludes state and federally funded projects and those "considered to be of State concern"; application of the resolution is limited to projects within the sphere of "municipal affairs." Under *Charleville*,[1] the resolution is valid despite its conflict with the general prevailing wage law.

The order is affirmed.

Cologne, J., and Staniforth, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 10, 1981. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

[1]Our Supreme Court has recently affirmed *Charleville's* principle in *Sonoma County Organization of Public Employees* v. *County of Sonoma* (1979) 23 Cal.3d 296 [152 Cal.Rptr. 903, 591 P.2d 1].